IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **PLUMBERS AND STEAMFITTERS** | * | |
| **LOCAL 486 PENSION FUND,** | | |
| **et al.,** | * | |
| | | |
| Plaintiffs | * | |
| | | |
| v. | * | CIVIL NO. CCB-14-613 |
| | | |
| **AWA MECHANICAL, INC.,** | * | |
| | | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

This Memorandum Opinion reviews the Amended Complaint in Confession of Judgment filed by Plumbers and Steamfitters Local 486 Pension Fund ("Pension Fund"), Plumbers and Steamfitters Local 486 Medical Fund ("Medical Fund"), Plumbers and Steamfitters Local 486 Severance and Annuity/401(k) Fund ("Severance Fund"), Plumbers and Steamfitters Local 486 Joint Journeyman and Apprentice Training Fund ("Training Fund"), International Training Fund ("ITF"), Mechanical Contractors Association of Maryland, Inc. ("MCA"), and Plumbers and Steamfitters Local 486, United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada ("Local 486") (collectively

"Plaintiffs") against AWA Mechanical, Inc.[1] ("Defendant") (ECF No. 6).  No response to the Complaint was timely filed.  For the reasons stated herein, I order that the Clerk of the Court enter the confessed judgment.

Local Rule 108.1 requires that the plaintiff who seeks entry of a confessed judgment file a complaint, which includes:

1. The written instrument:

    a. Authorizing the confession of judgment; and

    b. Entitling the plaintiff to a claim for liquidated damages;

2. An affidavit made by the plaintiff or someone on behalf of the plaintiff, stating:

    a. the circumstances of the defendant's execution of said instrument;

    b. including, where known, the age and education of the defendant;

    c. further including the amount due thereunder; and

    d. the post office address (including street address if needed to effect mail delivery) of the defendant.

Local Rule 108.1.a (D. Md. 2011).  The Court may direct the entry of judgment upon a finding that the documents attached to the complaint <u>prima facie</u> establish:

1. A voluntary, knowing, and intelligent waiver by the defendant of:

---

[1] This case has been referred to the undersigned in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302.  (ECF No. 2).

2

      a. the right to notice; and

      b. a prejudgment hearing on the merits of the claim of the plaintiff for liquidated damages.

2. A meritorious claim of the plaintiff for liquidated damages against the defendant.

Local Rule 108.1.b (D. Md. 2011).

    Here, Plaintiffs attached to their Amended Complaint a single document constituting a "written instrument authorizing the confession of judgment and entitling Plaintiff[s] to a claim for liquidated damages." See Local Rule 108.1.a. Specifically, Plaintiffs attached the "Payment Agreement Including Confession of Judgment of AWA Mechanical, Inc.," entered into on August 30, 2013, by and between Plaintiffs and Defendant. (ECF No. 6-1). Plaintiffs also attached to their Amended Complaint a spreadsheet showing all current delinquencies on the above mentioned payment agreement. (ECF No. 6-2). Also accompanying Plaintiffs' Amended Complaint is the Revised Affidavit of Dale O. Troll, Account Executive for Associated Administrators, LLC, Plaintiffs' third-party administrator and/or local agent for collection. (ECF No. 8-1, ¶ 1). The Affidavit adopts the facts in the Amended Complaint based upon Mr. Troll's personal review of the payment agreement and records. (Id. at ¶ 3). Plaintiffs' Amended Complaint describes the execution of the above mentioned payment agreement and the underlying facts

precipitating the execution of the same.  (ECF No. 6, ¶¶ 18-28). Through his adoption of the facts in the Amended Complaint, Mr. Troll provides the address of the Defendant.  (Id. at 2).

Plaintiffs' Amended Complaint and the Troll Affidavit set forth certain amounts due under the above referenced agreement for the periods including September, 2012 through January, 2014. These amounts include unpaid contributions, plus interest and liquidated damages, plus attorneys' fees, minus credit for payments made by Defendant to individual Plaintiffs, in the following amounts: Pension Fund, $98,076.43; Medical Fund, $123,244.03; Severance Fund, $52,370.25; Training Fund, $6,086.15; ITF, $1,752.33; MCA, $4,540.88; and Local 486, $16,211.24.  (ECF No. 6, ¶¶ 29-42).  The total amount requested, based on these amounts, is $302,281.31[2] (including $16,723.29 in attorneys' fees and costs) plus post-judgment interest to accrue at the applicable rate pursuant to 28 U.S.C. § 1961.  Thus, the Amended Complaint and its accompanying documents substantively meet the requirements of Local Rule 108.1.a.

The "Payment Agreement Including Confession of Judgment of AWA Mechanical, Inc." expressly authorizes confessed judgment against Defendant in favor of Plaintiffs "for the entire balance due under [the] Agreement, including liquidated damages, and in the amount of any contributions and payroll remittances due and

---

[2] The undersigned notes that this figure correspond with the "Balance Summary" table attached to Plaintiffs' Amended Complaint.  (ECF No. 6-2, 5).

4

owing to the [Plaintiffs] at the time such judgment is entered, including all interest accrued on such contributions and remittances, liquidated damages, and attorneys' fees and costs incurred by the [Plaintiffs] in seeking collection of such amounts." (ECF No. 6-1, ¶ 10). The language "confession of judgment" appears in capital letters in the title of the Agreement and the Agreement includes a "Disclosure for Confession of Judgment," wherein Defendant expressly agreed to the following:

> 2. I understand that the Agreement contains wording that would permit Plumbers and Steamfitters Local 486 Funds and Related Entities to enter judgment against me in Court, without advance notice to me and without offering me an opportunity to defend against the entry of judgment, and that the judgment may be collected immediately by any legal means.
>
> 3. In executing the Agreement, I am knowingly, understandingly and voluntarily waiving my rights to resist the entry of judgment against me in the United States District Court for the District of Maryland, including any right to advance notice of the entry of, or execution upon, said judgment, and I am consenting to the confession of judgment.

(Id. at 8). Defendant's representative, Al Washington, signed both the Agreement itself and the Disclosure for Confession of Judgment. (Id. at 6-8).

Having reviewed the Amended Complaint, Revised Affidavit, and accompanying Exhibits, I find that these documents make a prima facie showing that Defendant voluntarily, knowingly, and

intelligently waived its right to notice and a prejudgment hearing, and that Plaintiffs' claims for confessed judgment against Defendant are meritorious. See Local Rule 108.1.b (D. Md. 2011). Therefore, I direct that the Clerk enter judgment by confession against Defendant, in the amount of $302,281.31, representing:

1. Judgment in favor of Plumbers and Steamfitters Local 486 Pension Fund, in the amount of $98,076.42, which includes $72,861.17 in unpaid contributions, $14,572.23 in liquidated damages, $9,937.45 in interest, $5,574.43 in attorneys' fees and costs, less $4,868.85 in credit for payments made by Defendant;

2. Judgment in favor of Plumbers and Steamfitters Local 486 Medical Fund, in the amount of $123,244.03, which includes $92,584.77 in unpaid contributions, $18,516.95 in liquidated damages, $12,627.53 in interest, $5,574.43 in attorneys' fees and costs, less $6,059.65 in credit for payments made by Defendant;

3. Judgment in favor of Plumbers and Steamfitters Local 486 Joint Severance and Annuity/401(k) Fund, in the amount of $52,370.25, which includes $36,902.91 in unpaid contributions, $7,380.58 in liquidated damages, $5,033.15 in interest, $5,574.43 in attorneys' fees and costs, less $2,520.82 in credit for payments made by Defendant;

4. Judgment in favor of Plumbers and Steamfitters Local 486 Joint Journeyman and Apprentice Training Fund, in the amount of $6,086.15, which includes $5,949.20 in unpaid contributions, $266.95 in liquidated damages, $266.95 in interest, less $396.95 in credit for payments made by Defendant;

5. Judgment in favor of International Training Fund, in the amount of $1,752.33, which includes $1,351.00 in unpaid contributions, $270.20 in liquidated damages, $221.11 in interest, less $89.98 in credit for payments made by Defendant;

6. Mechanical Contractors Association of Maryland, Inc., in the amount of $4,540.88, which includes $4,471.90 in unpaid contributions, $365.95 in interest, less $296.97 in credit for payments made by Defendant; and

7. Judgment in favor of Plumbers and Steamfitters Local 486, United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada, in the amount of $16,211.24, which includes $15,029.04 in unpaid contributions and dues, $2,049.79 in interest, less $867.59 in credit for payments made by Defendant.

I further direct that the Clerk award Plaintiffs post-judgment interest at the rate applicable to money judgments

pursuant to 28 U.S.C. § 1961 to accrue from this _7th_ day of May, 2014, until paid.  I further direct the Clerk to ensure that notice of this entry is provided to Defendant as follows, pursuant to Local Rule 108.1.c:

> AWA Mechanical, Inc.
> 1445 North Rolling Road
> Baltimore, MD 21228
> ATTN: Alphonso Washington

Date:  __5/15/2014__                      _____/s/_____
                                          Susan K. Gauvey
                                          United States Magistrate Judge